IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MARJORIE HELEN LEWIS,<br>and Husband, RONALD LEWIS<br><br>Plaintiffs<br><br>v.<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC., d/b/a NEW<br>ENGLAND COMPOUNDING CENTER,<br>AMERIDOSE, LLC, MEDICAL SALES<br>MANAGEMENT, INC., BARRY J.<br>CADDEN, GREGORY A.<br>CONIGLIARO, DOUGLAS A.<br>CONIGLIARO, LISA CONIGLIARO<br>CADDEN, CARLA CONIGLIARO, and<br>GLEN A. CHIN<br><br>Defendants | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO: 2:12cv00115 |

**PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT**

Come the plaintiffs, Marjorie Helen Lewis and husband, Ronald Lewis, by and through counsel, and move the Court to remand this case to state court pursuant to 28 U.S.C. § 1447, and for grounds for said motion would show the Court as follows:

1. That this action was filed against three business entities, i.e., (1) New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, (2) Ameridose, LLC, and (3) Medical Sales Management, Inc., as well as six individuals, i.e., (1) Barry J. Cadden, (2) Gregory A. Conigliaro, (3) Douglas A. Conigliaro, (4) Lisa Conigliaro Cadden, (5) Carla Conigliaro, and (6) Glen A. Chin, in the Circuit Court for Cumberland County, Tennessee, on

November 8, 2012. Thereafter, defendants, New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, Barry J. Cadden, Lisa Conigliaro Cadden, and Gregory A. Conigliaro filed a Notice of Removal of the action in this Court on December 10, 2012, alleging, *inter alia*, that "there is total diversity between the plaintiffs and the defendants as required by 28 U.S.C. § 1332(a) [so as to provide for original jurisdiction]" and "the instant matter presents a central and substantial federal question [as required for original jurisdiction under 28 U.S.C. § 1331]."

2. 28 U.S.C. § 1441(a) provides generally that all cases in which a federal district court has original jurisdiction, such as diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331, may be removed to federal court by the defendant or defendants.

3. 28 U.S.C. § 1446 (b)(2)(A) provides, in pertinent part:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

4. Nowhere in the defendants' Notice of Removal do they allege that this action is removable on any basis other than 28 U.S.C. § 1441(a).

5. As is clear from the defendants' Notice of Removal, only New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, Barry J. Cadden, Lisa Conigliaro Cadden, and Gregory A. Conigliaro gave notice of their removal. Ameridose, LLC, additionally filed a Notice of Consent to Removal.

6. Carla R. Conigliaro and Glen A. Chin, have not joined in the removal. Additionally, neither of these defendants has filed a written consent to removal.

7. Therefore, the defendants' Notice of Removal is defective and the instant action should be remanded to the Cumberland County, Tennessee, Circuit Court for failure to comply with the rule of unanimity, as adopted by the Sixth Circuit, which requires all defendants to either join in the removal or file written consent to removal.

**WHEREFORE**, plaintiffs respectfully request that the action presently before the Court be remanded to the Circuit Court for Cumberland County, Tennessee.

Respectfully submitted,

PRYOR, FLYNN, PRIEST & HARBER
Suite 600, Two Centre Square
625 Gay Street
P. O. Box 870
Knoxville, Tennessee 37901
(865) 522-4191

By: s/Robert E. Pryor, Sr.
     Robert E. Pryor, Sr. (BPR #001999)
     Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Robert E. Pryor, hereby certify that on January 8, 2013, plaintiffs' Motion to Remand to State Court was filed electronically with the United States District Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

s/Robert E. Pryor, Sr.
ROBERT E. PRYOR, SR. (BPR #001999)
Attorney for Plaintiffs