IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MARJORIE HELEN LEWIS, § | | |
| and Husband, RONALD LEWIS § | | |
| § | | |
| § | | |
| Plaintiffs § | | |
| § | | |
| v. § | CIVIL ACTION NO: 2:12cv00115 | |
| § | | |
| NEW ENGLAND COMPOUNDING § | | |
| PHARMACY, INC. d/b/a NEW § | | |
| ENGLAND COMPOUNDING CENTER, § | | |
| AMERIDOSE, LLC, MEDICAL SALES § | | |
| MANAGEMENT, INC., BARRY J. § | | |
| CADDEN, GREGORY A. § | | |
| CONIGLIARO, DOUGLAS A. § | | |
| CONIGLIARO, LISA CONIGLIARO § | | |
| CADDEN, CARLA CONIGLIARO, and § | | |
| GLEN A. CHIN § | | |
| § | | |
| § | | |
| Defendants § | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
CASE TO STATE COURT**

Come the plaintiffs, Marjorie Helen Lewis and husband, Ronald Lewis, by and through counsel, and in support of their Motion to Remand would show the Court as follows:

1. The Sixth Circuit follows a specific interpretation of the procedure for removal required under 28 U.S.C. § 1446, when there are multiple defendants involved in a matter before the court, to wit:

> The Sixth Circuit follows the rule of unanimity, which requires "that all defendants must join in a petition to remove a state case to federal court."

> All parties that have been served or otherwise properly joined may satisfy the rule by (1) joining in the removal, (2) filing a written consent to removal, or (3) opposing a motion to remand, so long as the parties act within thirty days of being served or joined. "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." Hill v. City of Memphis, Tenn., 2012 W.L. 1982431, 2 (W.D. Tenn. June 01, 2012).

The requirements of this rule were also set forth in Loftis v. United Parcel Service, Inc., 342 F.3d 509 (6th Cir. 2003), where the Sixth Circuit formally adopted the prevailing rule regarding the rule of unanimity:

> Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable. Id. at 516.

2. Two defendants in this matter, Carla R. Conigliaro and Glen A. Chin, have not joined in the Notice of Removal filed by defendants, New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center, Barry J. Cadden, Lisa Conigliaro Cadden, and Gregory A. Conigliaro. Additionally, neither of these defendants has filed a written consent to removal.

3. As demonstrated by the preceding paragraph, the defendants' Notice of Removal is defective pursuant to the rule of unanimity as adopted by the Sixth Circuit, and the instant action should be remanded to the Cumberland County, Tennessee, Circuit Court.

4. Defendants may attempt to argue that unanimity was obtained via paragraph 24 of their Notice of Removal which states: "Consent to remove this action was obtained from all defendants on December 10, 2012." However, this is not effective under the Sixth Circuit's

2

interpretation of the rule of unanimity, as neither defendant Carla R. Conigliaro nor Glen A. Chin joined in the Notice of Removal nor did they file written consent to removal.

5. In addition, defendant, Glen A. Chin, was served with process no later than November 27, 2012, and, as mentioned above, has not joined in the removal or filed a written consent to removal. As required under the Sixth Circuit's rule of unanimity and under 28 U.S.C. § 1446 itself, either of the aforementioned actions must be taken within thirty days of service or joinder in order to effect removal. Therefore, removal is improper upon these grounds as well.

6. In accordance with Sixth Circuit case law: "A defendant seeking to remove a case to federal court has the burden to prove that jurisdiction is proper, and all doubts as to the propriety of removal are to be resolved in favor of remand." Hill v. City of Memphis, Tenn., 2012 W.L. 1982431, 2 (W.D. Tenn. June 01, 2012). As such, the defendants in the matter presently before the Court have the burden to prove that federal jurisdiction is proper, and the defendants have failed to carry this burden. Additionally, all doubts as to the propriety of removal are to be resolved in favor of remand. Plaintiffs have demonstrated to the Court, at the very least, that proper procedures regarding removal were not carried out, thus casting doubts as to the propriety of removal; these doubts are to be resolved in favor of remand.

3

Case 2:12-cv-00115   Document 18   Filed 01/09/13   Page 3 of 4 PageID #: 109

**WHEREFORE**, plaintiffs respectfully request that the action presently before the Court be remanded to the Circuit Court for Cumberland County, Tennessee.

        Respectfully submitted,

        PRYOR, FLYNN, PRIEST & HARBER
        Suite 600, Two Centre Square
        625 Gay Street
        P. O. Box 870
        Knoxville, Tennessee 37901
        (865) 522-4191

        By:   s/Robert E. Pryor, Sr.
            Robert E. Pryor, Sr. (BPR #001999)
            Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

    I, Robert E. Pryor, hereby certify that on January 8, 2013, plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Remand to State Court was filed electronically with the United States District Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

        s/Robert E. Pryor, Sr.
        ROBERT E. PRYOR, SR. (BPR #001999)
        Attorney for Plaintiffs

4

Case 2:12-cv-00115   Document 18   Filed 01/09/13   Page 4 of 4 PageID #: 110